UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHERRI ELSON,<br><br>    Plaintiff(s),<br><br>vs.<br><br>UNITED HEALTH GROUP INC., et al.,<br><br>    Defendant(s). | Case No. 2:14-cv-01554-GMN-NJK<br><br>ORDER DENYING MOTION TO SEAL<br><br>(Docket No. 44) |

Pending before the Court is Defendants' motion to file under seal certain exhibits attached to their response to Plaintiff's Rule 52 motion for judgment. Docket No. 44. The Defendants represent that the documents at issue (Docket Nos. 45-1, 45-2) consist of business contracts and internal board resolutions. Docket No. 44 at 2.

The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Conclusory assertions do not satisfy the compelling reasons standard. *Id*. at 1182. Although some private and confidential business matters might warrant being filed under seal if they could "become a vehicle for improper purposes," it does not follow that all "private and confidential business matters" may be filed under seal. *Id*. at 1179. However, "courts have repeatedly mentioned trade secrets as an archetypal category of information for which sealing of a court's records is justified." *Richardson v. Mylan Inc.*, 2011 WL 837148, at *2 (S.D. Cal. Mar. 9, 2011). *See Kamakana*, 447 F.3d at 1179 (finding "compelling reasons" to seal court

1  records where those records would be used "to gratify private spite, promote public scandal, circulate
2  libelous statements, or release trade secrets"); *see also Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 598
3  (citing to cases where court files have been properly sealed to protect "sources of business information
4  that might harm a litigant's competitive standing").

5      Defendants vaguely allude to the possibility that their exhibits would release pricing information,
6  proprietary business processes, and internal discussions concerning management strategy if not filed
7  under seal, without providing any factual support or explanation. Docket No. 44 at 2. This type of
8  conclusory assertion does not satisfy *Kamakana*'s compelling reasons standard. The exhibits will
9  nonetheless remain sealed for the time being. Defendants may file a renewed motion to seal no later
10 than September 29, 2015. Any renewed motion must, in accordance with *Kamakana*, set out with
11 particularity the compelling reasons that justify sealing of exhibits as well as whether the exhibits can
12 be redacted as opposed to sealed in their entirety. Failure to file a renewed motion no later than
13 September 29, 2015 may result in an order unsealing the exhibits. Accordingly, the motion to seal is
14 DENIED.

15     IT IS SO ORDERED.
    DATED: September 22, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE