# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHERRI ELSON,<br><br>　　　　　Plaintiff(s),<br><br>vs.<br><br>UNITED HEALTH GROUP, INC., et al.,<br><br>　　　　　Defendant(s). | Case No. 2:14-cv-01554-GMN-NJK<br><br>ORDER GRANTING MOTION TO SEAL<br><br>(Docket No. 48) |

Presently before the Court is Defendants' amended motion to seal two exhibits to the Declaration of Bruce Monte in support of Defendants' response to Plaintiff's Rule 52 motion for judgment on the pleadings. Docket No. 48. For the reasons discussed below, the motion is hereby GRANTED.

For dispositive motions, the historic "strong presumption of access to judicial records" fully applies, and a party seeking sealing must establish "compelling reasons" to overcome that presumption. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual Auto Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). This standard presents a "high threshold." *Id.* at 1180 (citations omitted). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). A motion for judgment on the pleadings is by definition dispositive. *See Stout v. Hartford Life & Acc. Ins. Co.*, 2012 WL 6025770, at *1 (N.D. Cal. Dec. 4, 2012). Consequently, the "compelling reasons" standard applies to the motion in question. *See id.*

"In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 589 (1978)). Courts in this district have found compelling reasons exist where the documents at issue contain "business information that might harm [the] litigants competitive standing" if released to the public. *Golden Boy Promotions, Inc. v. Top Rank, Inc.*, 2011 U.S. Dist. LEXIS 23450 (D. Nev. Feb. 17, 2011) (citing *Nixon*, 435 U.S. at 598).

Here, the Court finds that, even under the compelling reason standard, the documents sought to be sealed contain the type of trade secrets that courts have typically and appropriately allowed to be filed under seal, and that the release of these documents would harm Defendants' competitive standing. *See, e.g., In re Electronic Arts, Inc.*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (holding that the pricing terms, royalty rates, and guaranteed minimum payment terms found in an agreement constituted a trade secret under *Kamakana* and *Nixon*); *J.M. Woodworth Risk Retention Grp., Inc. v. Uni-Ter Underwriting Mgmt. Corp.*, 2014 WL 6065820, at *3 (D. Nev. Nov. 12, 2014) (finding compelling reasons to seal confidential board meeting materials detailing business plans, operations, and practices). Accordingly, the Court **GRANTS** the motion to seal.

IT IS SO ORDERED.

DATED: October 8, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge